FARWELL ET AL., RESPONDENTS, *v.* CASHMAN ET AL. APPELLANTS.

[Submitted July 16, 1895. Decided July 22, 1895.]

PARTNERSHIP—*Dissolution—Notice.*—A partner withdrawing from a firm must, in order to exempt himself from subsequent liability to one who had previously dealt with the firm on the strength of such partner being a member, cause notice of the dissolution to be brought home to such person directly, or it must appear that the facts came to his knowledge in such a way as to give reason to believe that a dissolution had taken place.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for goods sold. Plaintiff's motion for a new trial was granted by BENTON, J. Affirmed.

*M. M. Lyter*, for Appellant.

*Samuel Stephenson*, for Respondent.

PER CURIAM.—Action for goods sold and delivered by plaintiff to defendants between December 9, 1891, and January 12, 1892. The defendant Talbott answered for himself alone, denying that the defendants were co-partners, and denying that he was indebted to plaintiff in the sum alleged or at all.

The case was tried to a jury. The testimony of plaintiff was that the goods had been sold and delivered to defendants in December, 1891, and January, 1892, as alleged; that the defendant Talbott was a member of the firm of J. E. Cashman & Co., and formally withdrew therefrom by an instrument in

writing, whereby he sold his interest to Cashman, on November 23, 1891; that the plaintiff sold the goods sued for to the firm upon the strength of the fact that Talbott was a member of the firm; that plaintiff had had other previous dealings with said firm while defendant Talbott was a member thereof. In September, 1891, the firm of J. E. Cashman & Co. notified plaintiff that it was made up of J. E. Cashman, G. W. Talbott, and S. Allen, and stated to plaintiff that the assets of the firm amounted to over $10,000, with liabilities not to exceed $1,000. Plaintiff never had any knowledge of any kind brought to it of the dissolution of the firm until long thereafter. There was no denial by the defendant of the fact that he had not notified the plaintiff of the dissolution of the firm.

The court instructed the jury, in part, as follows: "Where a person has had dealings with a firm (former dealings), it is the business of the party who retires to bring notice to the parties with whom he has dealt, and in such a case the notice must be brought home to the dealer directly, or it must appear that facts came to the knowledge of the dealer in such a way as to advise him, or give him reason to believe, that the dissolution had taken place, and that the party had retired from the firm." The jury rendered a verdict for the defendants. On motion of plaintiff, the court granted a new trial. From this order the defendant Talbott appeals.

The district court granted the motion for a new trial upon the ground that there was no evidence upon the part of the defendants showing that the notice was ever brought home to the plaintiff in this case of the fact of the dissolution of the firm of J. E. Cashman & Co., but, on the contrary, the testimony showed that plaintiff had never received any notice of the dissolution thereof. There is no complaint by the appellant that the law as to notification by a retiring partner was incorrectly stated. Our examination of the case is therefore limited to the sole question of whether, under the testimony, the plaintiff did have any knowledge of the dissolution of the firm, and of Talbott's withdrawal.

We can come to no conclusion other than that reached by

the district judge, namely, that it positively appears that they did not have any such knowledge.    The order of the district court is affirmed.

*Affirmed.*